# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **STEPHEN POLK,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   **CIVIL ACTION NUMBER** |
| | ) |
| **TITLEMAX OF TEXAS, INC.;** | ) |
| **ASSET RES SERVICES, LLC,** | ) |
| | ) |
| Defendants. | )   **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Stephen Polk, in the above-styled cause and for his Complaint against the Defendants states the following:

## PARTIES

1. The Plaintiff, Stephen Polk, is a resident and citizen of the state of Texas, Brazoria County, and is over the age of twenty-one (21) years.

2. The Defendant, TitleMax of Texas, Inc. ("TitleMax"), is a Delaware corporation with a principal place of business in Georgia and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district, and is registered to do business in Texas.

1

3. The Defendant, Asset Res Services, LLC ("Asset Res Services"), is a Texas entity and was, in all respects and at all times relevant herein, doing business in the state of Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Brazoria County, Texas and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiffs reside here.

## FACTUAL ALLEGATIONS

5. Upon information and belief, at some time before June 2020, Defendant TitleMax held a lien/security interest on a Toyota Camry ("the Vehicle") in connection with a secured loan with a non-party.

6. Upon information and belief, The Vehicle was impounded by the City of Pasadena Police Department.

7. Upon information and belief, Defendant TitleMax failed to claim the Vehicle and the Vehicle was sold at auction to the Plaintiff in June 2020.

8. This auction resulted in Defendant TitleMax losing its lien/security interest in the Vehicle.

9. A new Texas Certificate of Title was issued to Plaintiff without any liens or other encumbrances on June 5, 2020 when it purchased it at auction.

10. Plaintiff purchased the car to be used primarily by Plaintiff for household/non-business purposes.

11. At some point thereafter, Defendant TitleMax contracted with Defendant Asset Res Services to take possession of the Vehicle based on an alleged security interest it had prior to the auction.

12. On or about March 22, 2021, Plaintiff arrived home from work and saw The Vehicle missing from his home.

13. Plaintiff immediately contacted 911 to report the missing Vehicle and contacted his insurance company.

14. Plaintiff filed a report with the Pearland Police Department. The file was assigned 21-002519.

15. At the time of the repossession, Pearland Police Department was unaware of any active repossession order for The Vehicle.

16. Plaintiff was able to obtain security camera footage and ascertain that The Vehicle was taken by Defendants around 12:30 PM on March 22, 2021.

17. Plaintiff's insurance carrier, USAA, assigned his claim #14119735-15.

18. Although Plaintiff has demanded the return of The Vehicle, Defendants have not returned The Vehicle to Plaintiff.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

19. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

20. The Defendants were under a duty to not take the Vehicle since they had no security interest in the Vehicle.

21. The Defendants breached that duty.

22. As a proximate cause of Defendants' negligence, the Plaintiff was deprived of the Vehicle, lost the use of his personal property, incurred monetary damages, and has suffered mental damages and the accompanying physical damages.

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANTS

23. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

24. Defendants, with a degree of willfulness and reckless disregard of the natural or probable consequences of their actions, acted in a manner that resulted in the unlawful repossession of the Vehicle.

25. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

26. As a proximate cause of Defendants' conduct, the Plaintiff was deprived of the Vehicle, lost the use of their personal property, incurred monetary damages, and has suffered mental damages and the accompanying physical damages.

### COUNT THREE
### CONVERSION CLAIM AGAINST DEFENDANTS

27. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

28. Plaintiff owned and had immediate possession of the Vehicle and personal property.

29. The Defendant did not have a present and immediate right of possession of the Vehicle and/or the personal property at the time of repossession

30. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of his rightful possession of the Vehicle.

31. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

32. As a proximate cause of Defendants' conduct, the Plaintiff was deprived of the Vehicle, lost the use of his personal property, incurred monetary damages, and has suffered mental damages and the accompanying physical damages.

### COUNT FOUR
### VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT

33. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34. Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

35. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6).

36. Defendants violated Tex. Fin. Code § 392.301.

37. As a proximate cause of Defendants' conduct, the Plaintiff was deprived of the Vehicle, lost the use of has personal property, incurred monetary damages, and has suffered mental damages and the accompanying physical damages.

## COUNT FIVE
## FDCPA CLAIM AGAINST DEFENDANT NJC ASSET REPO LLC

38. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

39. The Defendant Asset Res Services engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

40. Defendant took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

41. As a proximate cause of Defendant's conduct, the Plaintiff was deprived of the Vehicle, lost the use of his personal property, incurred monetary damages, and has suffered mental damages and the accompanying physical damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

42. Compensatory and punitive damages against the Defendants;

43. Remedies available under cited Texas law, including statutory damage, costs, and attorneys' fees and any other compensatory damages; and,

44. Remedies available under the FDCPA, including statutory damages, costs, and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

45. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jch-law.com