**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| Stephen Polk § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:21−cv−00075 | |
| § | | |
| Titlemax of Texas, Inc., et al. § | | |
|    Defendant. § | | |

**ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES**

1. Counsel and all *pro se* parties shall appear for an initial pretrial and scheduling conference before United States Magistrate Judge Andrew M. Edison at the following time and place:

   **June 16, 2021, at 09:30 AM**
   by video

   Attendance by an attorney who is knowledgeable about the case and who has authority to bind each represented party is required at the conference. The court will enter a docket-control order at the conference.

2. CERTIFICATE OF INTERESTED PARTIES: Within 14 days following receipt of this order, counsel shall file with the clerk a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk..

3. NOTICE TO PARTIES ASSERTING FEDERAL JURISDICTION IN DIVERSITY CASES: Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction in a diversity action has the burden to demonstrate that there is complete diversity. The citizenship of a limited-liability business organization is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited-liability entity are themselves entities or associations, citizenship must be traced through however many layers of members it may take to reach a person or entity that is not a limited-liability entity and identifying its citizenship status. See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). If the complaint or notice of removal filed in this action does

not show the citizenship of all limited-liability entities, the plaintiff (if initiating the action in federal court) or the defendant (if removing the action from state court) is ORDERED to file an amended complaint or notice of removal, respectively, within twenty days following the entry of this order. The failure to allege facts establishing complete diversity of citizenship may result in dismissal or remand of this action by the court on its own initiative without further notice.

4. After the parties confer as required by Fed. R. Civ. P. 26(f), counsel and all parties appearing *pro se* shall prepare and file, not fewer than 10 days before the scheduling conference, a joint discovery/case management plan using the form attached.

5. Counsel and all *pro se* parties who file or remove an action must serve a copy of this order with the summons and complaint or the notice of removal.

6. The parties may commence discovery before the scheduling conference.

7. Initial disclosures may not be delayed. They must be exchanged with opposing counsel before the scheduling conference.

8. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

JUDGE BROWN'S PROCEDURES: Judge Brown has promulgated rules of practice for cases in Galveston. They can be found at the below link. Please read and follow them.

https://www.txs.uscourts.gov/sites/txs/files/GalvestonDistrictCourtRulesofPractice.pdf

* **By Order of the Court** *

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| Stephen Polk | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21–cv–00075 |
| | § | |
| Titlemax of Texas, Inc., et al. | § | |
|    Defendant. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### under Rule 26(f) of the
### Federal Rules of Civil Procedure

*(Please restate the instruction before furnishing the responsive information.)*

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email.

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

3. Briefly describe what this case is about.

4. Specify the allegation of federal jurisdiction.

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7. List anticipated interventions.

8. Describe class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.

10. Describe the proposed agreed discovery plan, including:

    a. discovery is needed on the following subjects:

    b. the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party:

    c. the date experts for defendant will be designated and their reports provided to opposing party:

    d. the date discovery can reasonably be completed:

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

14. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

15. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.

16. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.

17. State whether a jury demand has been made and if it was made on time.

18. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).

19. List pending motions that could be ruled on at the initial pretrial conference.

20. List other motions pending.

21. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.

22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

_____  _____

Counsel for Plaintiff(s)                                                                          Date

_____  _____

Counsel for Defendant(s)                                                                        Date