IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN POLK; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:21-cv-00075 |
| v. | § | |
| | § | |
| TITLEMAX OF TEXAS, INC.; | § | |
| ASSET RES SERVICES, L.L.C.; | § | |
| MV CONNECT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

_____

**TITLEMAX OF TEXAS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

_____

COMES NOW Defendant TitleMax of Texas, Inc. ("TitleMax") and submits its Answer and Affirmative Defenses to the Plaintiff's Amended Complaint, (Doc. 18), showing this Honorable Court the following:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the actions, failure to act, negligence, fraud, and/or legal fault of a third party.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the recovery vendor and/or its agents are not, and were not, employees of TitleMax.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the recovery vendor and/or its

agents did not possess any authority—actual, express, implied, apparent, inherent, or otherwise—to takewrongful or illegal actions, if any.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because TitleMax had no control over the actions or inactions of the recovery vendor and/or its agents.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the fact that TitleMax does not owe any legal duties, nor have breached any legal duties to Plaintiff, as a matter of law.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate.

## SEVENTH DEFENSE

Plaintiff is not entitled to exemplary damages.

## EIGHT DEFENSE

Plaintiff is not entitled to attorney's fees and/or costs.

## NINTH DEFENSE

TitleMax hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend this Answer to assert such defenses.

## TENTH DEFENSE

To the extent that any affirmative defenses pled herein are contradictory, mutually exclusive, or otherwise inconsistent, TitleMax pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

## ELEVENTH DEFENSE

Except as expressly admitted below, all allegations in Plaintiff's Complaint are denied.

## ANSWER

## PARTIES

1. TitleMax is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 1 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny the same.

2. TitleMax admits the allegations contained in Paragraph 2 of the Plaintiff's Amended Complaint.

3. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

4. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

## JURISDICTION, VENUE, AND STANDING

5. TitleMax admits the allegations contained in Paragraph 5 of the Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

6. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiff's Amended Complaint because facts alleged are not sufficient to determine identifying details for the vehicle alleged to be at issue

#85071178_v4

and can therefore neither admit nor deny same.

7. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

8. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

9. Paragraph 9 of Plaintiff's Amended Complaint contains statements of law, legal conclusions, and seeks to require TitleMax to form legal conclusions. As such, no response is required. To the extent a response is deemed required, TitleMax denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

11. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

12. TitleMax admits that it has a contractual relationship with MV Trac. TitleMax denies the remaining allegations in Paragraph 12.

13. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

14. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

15. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

16. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

17. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

18. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

19. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

20. TitleMax denies the allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint.

21. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiff's Amended Complaint and can

therefore neither admit nor deny same.

## COUNT ONE—CONVERSION

22. TitleMax incorporates by reference all preceding paragraphs as if fully restated herein.

23. TitleMax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiff's Amended Complaint and can therefore neither admit nor deny same.

24. Paragraph 24 of Plaintiff's Amended Complaint contains statements of law, legal conclusions, and seeks to require TitleMax to form legal conclusions. As such, no response is required. To the extent a response is deemed required, TitleMax denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Paragraph 25 of Plaintiff's Amended Complaint contains statements of law, legal conclusions, and seeks to require TitleMax to form legal conclusions. As such, no response is required. To the extent a response is deemed required, TitleMax denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Paragraph 26 of Plaintiff's Amended Complaint contains statements of law, legal conclusions, and seeks to require TitleMax to form legal conclusions. As such, no response is required. To the extent a response is deemed required, TitleMax denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. TitleMax denies the allegations contained in Paragraph 27 of the Plaintiff's Amended Complaint.

28. TitleMax denies the allegations contained in Paragraph 28 of the Plaintiff's Amended Complaint.

#85071178_v4

## DAMAGES

29.     TitleMax denies that Plaintiff is entitled to damages.

## TRIAL BY JURY

TitleMax acknowledges that Plaintiff has requested a trial by jury.

WHEREFORE Defendant TitleMax of Texas, Inc., having fully responded to each and every allegation against it contained in Plaintiff's Complaint, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint against it with prejudice, and judgment be entered in its favor with all costs charged to Plaintiff, as well as such other or further relief that this Court deems just or appropriate.

Dated: July 12, 2021

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ L. Bradley Hancock
L. Bradley Hancock
State Bar No. 00798238
Southern District Bar No. 21091
Jeffrey D. Anderson
State Bar No. 24087100
Southern District Bar No. 2338755
1100 Louisiana Street, Suite 4300
Houston, TX 77002
713-821-7000 (Telephone)
713-821-7001 (Facsimile)
Brad.Hancock@hklaw.com
Jeffrey.Anderson@hklaw.com

ATTORNEYS FOR DEFENDANT
TITLEMAX OF TEXAS, INC.

#85071178_v4

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing documents was served by the Court's CM/ECF system to all counsel of record on this 12th day of July, 2021.

**John C. Hubbard**
John C. Hubbard, L.L.C.
P.O. Box 953
Birmingham, Alabama
35201
Telephone: (205) 378-8121
jch@jch-law.com

ATTORNEY FOR PLAINTIFF

                */s/ Jeffrey D. Anderson*
                Jeffrey D. Anderson

#85071178_v4