IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN POLK; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:21-cv-00075 |
| v. | § | |
| | § | |
| TITLEMAX OF TEXAS, INC.; | § | |
| ASSET RES SERVICES, LLC; | § | |
| MVCONNECT, LLC, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANT MVTRAC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(B)(6)

---

Defendant MVConnect, LLC ("MVTRAC" or "Defendant") by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss the claims asserted against it in Plaintiff Stephen Polk's ("Plaintiff") Amended Complaint, with prejudice and without leave to amend his pleading. In support thereof, Asset would show unto the Court as follows:

### I.   PRELIMINARY STATEMENT

Plaintiff is not entitled to any relief against MVTRAC with respect to Counts One and Two of his Amended Complaint. The causes of action alleged do not result in a monetary recovery from MVTRAC. Plaintiff has accused MVTRAC of conversion and violating § 1692f(6) of the FDCPA.

Plaintiff's conversion claim fails as Plaintiff has not alleged facts to establish that MVTRAC wrongfully exercised domain or control over the vehicle. Instead, it appears that Plaintiff implies that Defendant Asset Res Services, LLC ("Asset Res") took physical possession of the vehicle. Additionally, Plaintiff fails to allege facts to support its conclusory claim that MVTRAC is a "debt

collector" as defined by § 1692a(6) under the FDCPA, or that MVTRAC violated § 1692f(6) of FDCPA.

## II.   BRIEF PROCEDURAL BACKGROUND

Prior to June 2020, TitleMax of Texas, Inc., ("TitleMax")  a title loan company, held a security interest on a 2003 Toyota Camry (the "Vehicle") in connection with a secured loan with a non-party. MVTRAC provides motor vehicle data to lenders, law enforcement, and automobile repossession companies. MVTRAC is not "in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles" as Plaintiff inaccurately states in his Amended Complaint. [Dkt #18, ¶ 4].

On June 28, 2021, Plaintiff filed amended his Complaint adding MVTRAC as a defendant. *See First Amended Complaint*, [Dkt #18]. MVTRAC was served on or about July 8, 2021. In accordance with Local Rule 6, on August 30, 2021,  MVTRAC l wrote Plaintiff a letter that notifying him that it would be filing a 12(b)(6) Motion to Dismiss based on Plaintiff's conversion and FDCPA claims. *See August 30, 2021 Ltr to Pltf*, attached herein as Exhibit A. Plaintiff did not amend his Complaint. For the reasons set forth below, it is clear that Plaintiff has failed to state a claim against MVTRAC for which relief can be granted.

## III.   LEGAL STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a claim if it fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A court must dismiss a complaint for failure to state a claim upon which relief can be granted if the movant demonstrates, to a certainty, that the claimant cannot prove any set of facts that would entitle it to relief. *Sloan v. Sharp*, 157 F.3d 980, 982–83 (5th Cir. 1998); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).  In considering a motion to dismiss under Rule 12(b)(6), the facts alleged in the pleading are generally taken as true; however, the court is not required to accept mere conclusory

allegations by the claimant. *Southland Secs. Corp. v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Indeed, the United States Supreme Court has made clear that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). The complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Furthermore, as it is only facts that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. It is only then that the court can view the well pleaded facts, "assume their veracity and…determine whether they plausibly give rise to an entitlement to relief." *Id.*

### IV.   ARGUMENTS AND AUTHORITY

Plaintiff's claims against MVTRAC all fail under Rule 12(b)(6) because Plaintiff did not (and cannot) provide any set of facts that would prove Plaintiff is entitled to judicial relief.

### 1.   Count One - Conversion Claim

To establish a claim for conversion, a plaintiff must show that: (1) plaintiff owned or had possession of certain property; (2) defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of or inconsistent with plaintiff's rights; (3) plaintiff demanded return of the property; and (4) defendant refused to return the property. *Rankin Constr. Nat'l Builders, L.L.C. v. Frank H. Reis, Inc.,* No. 4:17-CV-530-A, 2018 WL 1305452, at *3 (N.D. Tex. Mar. 12, 2018).

Plaintiff has failed to allege any facts that MVTRAC exercised dominion or control over the property in an unlawful manner, that Plaintiff made a demand to MVTRAC for the property, or that MVTRAC refused to return the property, all of which are required elements for a conversion claim under Texas law. *See Allan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.,* 287 S.W.3d 877, 888 (Tex. App.—Dallas 2009, no pet.).

If a defendant never had possession of plaintiff's property, defendant cannot be liable for conversion. In *Gomez v. United States*, the plaintiff was arrested for drug trafficking after U.S. Immigration and Customs Enforcement ("ICE") investigated the plaintiff's home and found ample evidence he was selling drugs. *Gomez v. United States*, No. 3:14-CV-3341-D, 2015 WL 3421045, at *1 (N.D. Tex. May 27, 2015). After his arrest, the plaintiff was booked into the Dallas County Jail and all of his property, including his vehicle, personal jewelry, and cash, was taken from his home and taken to the Dallas Police Department. ICE never had possession of plaintiff's property—but plaintiff ultimately sued ICE for conversion of his personal property. *Id.* In turn, ICE moved for summary judgment, arguing just that, it never had possession of any of Plaintiff's property. The court granted ICE's motion, stating, "by failing to go beyond the pleadings and designate specific facts showing that it was ICE that seized his property, Plaintiff has failed to show that there is a genuine issue of material fact for trial. '[T]he government cannot return property it does not possess[.]' *Id.* at 6 (quoting <u>Bailey v. United States</u>, 508 F.3d 736, 740 (5th Cir. 2007)).

Similarly, the Supreme Court of Texas has long held that a plaintiff must how that a defendant possessed the property in question.  In *Huntington v. Texas*, , the State of Texas sued Huntington, a cashier for the First National Bank of Washington, for the alleged conversion of thirty-seven Texas indemnity bonds that were originally issued to the State. *Huntington v. State of Texas*, 83 U.S. 402, 403, 21 L. Ed. 316 (1872). The Texas Supreme Court ruled that the facts did not show any case for conversion of those bonds because "the defendants never had possession, use, or control of them.

4

They simply took an assignment of the debt of the United States for the bonds, after they had been delivered up to the government by the holder." *Id.* at 316.

The logic applied by previous Federal Courts and the Supreme Court of Texas must apply here. MVTRAC was never in possession of Plaintiff's Vehicle, thus it could have never exercised dominion or control over the Vehicle or returned it to Plaintiff. For these reasons, Plaintiff's claim for conversion against MVTRAC should be dismissed.

Furthermore, Plaintiff has failed to state any facts, plausible or otherwise, that establish a claim for exemplary damages for which relief can be granted. In general, a plaintiff cannot recover damages for mental anguish in a conversion case for actual damages. *See Winkle Chevy-Olds-Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 746 (Tex. App.—Corpus Christi 1992, writ dism'd). Mental anguish damages are recoverable only when a plaintiff proves the defendant *acted with malice. See Green Int'l v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). Plaintiffs conclusively state, without any further detail or support, that defendants acted with malice, recklessness, and disregard. *See* Dkt. #18, ¶27.

### 2.    Count Two - FDCPA Claim

To state a claim under the FDCPA, a Plaintiff must show (1) that he was the object of the collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA. *Douglas v. Select Portfolio Servicing, Inc.,* No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015).

Plaintiff merely alleges that MVTRAC is a "debt collector" as defined by the FDCPA § 1692a(6), and that MVTRAC violated § 1692f(6). Dkt. #18, ¶¶4, 31.

To be sure, the FDCPA applies only to "debt collectors." *See Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). But Plaintiff has failed to allege facts to support its alleged *conclusion* that MVTRAC is a debt collector. Plaintiff does not allege, for example, that MVTRAC contacted Plaintiff or repossessed Plaintiff's vehicle.

5

Instead, Plaintiff's allegations suggest, at most, that MVTRAC plays a role that is similar to a skip tracing company,[1] a role that federal courts have held does ***not constitute*** debt collecting for the purposes of the FDCPA. *See Eaker v. Secure Collateral Mgmt.,* No. 4:14-CV-443-O, 2015 WL 12532537, at *2 (N.D. Tex. May 7, 2015)(noting that the Fifth Circuit has not addressed the question head on, but that other federal courts have). In *Goldstein v. Chrysler Fin. Co., LLC,* the plaintiff sued LAI, the company that located his vehicle, alleging a violation of § 1692 of the FDCPA. The Court stated:

> "LAI is a skip tracing firm hired to locate property, in this case the car. McIntyre Dep. 3. Therefore it does not fall within the definition of debt collector set forth by 15 U.S.C. § 1692 a(6). Their principle purpose is not to collect debts, nor do they regularly collect or attempt to collect debts owed due to them or others." *Goldstein v. Chrysler Fin. Co., LLC,* 276 F. Supp. 2d 687, 690 (E.D. Mich. 2003).

The Court concluded that **since LAI was not a debt collector under the FDCPA, it could not violate the act**. *Id.* at 691 (emphasis added).

Similarly, in *Campbell v. Triad Financial Corp.,* the plaintiff brought FDCPA claims against several defendants, one of them being Brombacker & Williams Associates, Inc., a company that locates motor vehicle for clients who have a security interest in those vehicles so that their clients can repossess them, much like MVTRAC does. *Campbell v. Triad Fin. Corp.,* No. 5:07-CV-579, 2007 WL 2973598, at *2 (N.D. Ohio Oct. 9, 2007) The Court granted summary judgment on the plaintiff's FDCPA claims in favor of Brombacker & Williams Associates, Inc., stating that it did not fit the definition of "debt collector." *Id.* at 8.

Further, in *Thomas v. Commercial Recovery Systems, Inc.,* the court noted that one "does not become a debt collector merely by hiring a debt collector." *Thomas,* 2008 U.S. Dist. LEXIS 127966, 2008 WL 11336625, at *9 (citing *Harrison v. NBD, Inc.,* 968 F. Supp. 837, 843 (E.D.N.Y. 1997) ("Clearly, a creditor which retains a non-affiliated debt collector would not be subject to the FDCPA.")).

---

[1] Although MVTRAC is not a skip tracing company, it does attempt to locate vehicles subject to liens and forward the location for recovery.

Because Plaintiff has not alleged facts sufficient to establish that MVTRAC is a "debt collector," his claim under the FDCPA must be dismissed. As such, this claim against MVTRAC should also be dismissed under Rule 12(b)(6).

CONCLUSION

Based on the foregoing, Defendant MVConnect, LLC d/b/a MVTRAC respectfully requests that the Court grant its Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Plaintiff Stephen Polk's claims with prejudice and without leave to amend his pleading.

Dated: November 15, 2021                    Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ David D. Hornbeak*
L. Bradley Hancock
State Bar No. 00798238
Southern District Bar No. 21091
David D. Hornbeak
State Bar No. 24106113
Southern District Bar No. 3158009
Jeffrey D. Anderson
State Bar No. 24087100
Southern District Bar No. 2338755
1100 Louisiana Street, Suite 4300
Houston, TX 77002
713-821-7000  (Telephone)
713-821-7001 (Facsimile)
Brad.Hancock@hklaw.com
David.Hornbeak@hklaw.com
Jeffrey.Anderson@hklaw.com

#151113941_v4

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant MVConnect, LLC complied with the requirements of Local Rule 6 on or about August 30, 2021, but Plaintiff Stephen Polk did not amend his pleading.

*/s/ David D. Hornbeak*
David D. Hornbeak

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system to all counsel of record on this 15 day of November, 2021.

*/s/ David D. Hornbeak*
David D. Hornbeak

8

#151113941_v4