Case 3:21-cv-00075   Document 38   Filed on 05/31/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

### GALVESTON DIVISION

No. 3:21-cv-00075

STEPHEN POLK, *Plaintiff*,

v.

MVCONNECT, LLC, *et al.*, *Defendants*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is MVConnect, LLC, d/b/a MVTrac's motion to dismiss under Rule 12(b)(6). Dkt. 31. The court grants in part and denies in part.

## I.  BACKGROUND[1]

In June 2020, the plaintiff, Stephen Polk, purchased at auction a Toyota Camry that had been impounded by the Pasadena Police Department.

---

[1] When hearing a motion to dismiss under Rule 12(b)(6), "all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). The "facts" in this section are taken from the plaintiff's pleadings.

Dkt. 18 ¶¶ 7–8. He received a Certificate of Title "without any liens or other encumbrances." *Id.* ¶ 10.

At some earlier time, defendant TitleMax of Texas, Inc., held a security interest in the vehicle arising from a loan with a non-party. *Id.* ¶ 6. TitleMax contracted with defendant MVTrac to repossess the vehicle. *Id.* ¶ 18. In turn, MVTrac contracted with defendant Asset Res Services, LLC, "to physically take possession of the vehicle." *Id.* ¶ 13. On March 22, 2021, the vehicle was taken from Polk's home, prompting Polk to report its theft to the Pearland Police Department. Id. ¶¶ 14–16, 18. Polk eventually regained possession of the vehicle on April 12, 2021. *Id.* ¶ 21.

Polk has sued TitleMax, MVTrac, and Asset Res for conversion and violations of the Fair Debt Collection Practices Act. Dkt. 18 ¶¶ 30–32. MVTrac has moved to dismiss for failure to state a claim. Dkt. 31; *see* Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when the well-pleaded factual content allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.*

at 663. When reviewing the claim, the court must accept as true the allegations in the complaint and construe them in the light most favorable to the plaintiff. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). But the court 'will not strain to find inferences favorable to the plaintiffs' or 'accept conclusory allegations, unwarranted deductions, or legal conclusions.'" *Id.*

### III. ANALYSIS

#### A. Conversion

To establish a claim for conversion, a plaintiff must prove: (1) he owned or had possession of the property; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

A conversion claim fails if the defendant establishes that it was never in possession of the property. *Gomez v. United States*, No. 3:14-CV-3341, 2015 WL 3421045, at *6 (N.D. Tex. May 27, 2015). The plaintiff must plead specific facts showing that the defendant seized the property. *Id.* The

defendant "cannot return property it does not possess." *Bailey v. United States,* 508 F.3d 736, 740 (5th Cir. 2007).

In his complaint, Polk alleges that MVTrac contracted with Asset Res Services to physically take possession of the vehicle. Dkt. 18 ¶ 13. While Polk quotes case law demonstrating that conversion "may be direct or constructive," Dkt. 34 at 4, he pleads no facts that plausibly demonstrate how MVTrac's actions constructively converted Polk's property. In the absence of additional factual pleading, Polk has plausibly shown that only Asset Res—not MVTrac—exercised dominion or control over the property in an unlawful manner. Polk merely restates the legal elements of conversion without including facts indicating MVTrac possessed the property in any respect. *See* Dkt. 34 at 4. Without more, Polk's conversion claim fails.

Accordingly, Polk's conversion claim is dismissed with prejudice.

**B.    FDCPA**

To state a claim under the FDCPA, the plaintiff must show: (1) he was the object of collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Douglas v. Select Portfolio Servicing Inc.,* No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015). Polk's amended pleading satisfies the first element by

alleging that MVTrac contracted with Asset Res to physically take possession of the vehicle. Dkt. 18 ¶ 13. And Polk satisfies the third element because he alleges that MVTrac contracted with Asset Res to improperly take possession of his vehicle. Dkt. 18 ¶¶ 13, 17. To satisfy the second element, however, Polk must allege facts that qualify MVTrac as a "debt collector."

Under the FDCPA, a debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). MVTrac argues that what Polk has accused it of is closer to "skip tracing" than debt collection. *See* Dkt. 31 at 6. "Skip tracing" has been defined as "the process of locating a debtor and his property's whereabouts." *United States v. Cummings*, 395 F.3d 392, 394 (7th Cir. 2005).

There is considerable dispute throughout the federal judiciary on whether skip tracers qualify as debt collectors under the FDCPA.[2] The Fifth

---

[2] *See, e.g., Cummings*, 395 F.3d at 394; *Shannon v. Windsor Equity Grp., Inc.*, No. 12-CV-1124-W JMA, 2014 WL 977899, at *1 (S.D. Cal. Mar. 12, 2014) (finding that engaging in "skip-tracing, re-marketing, and repossession services, or some combination of the three" for another constituted debt collection under FDCPA); *Goldstein v. Chrysler Fin. Co., LLC*, 276 F. Supp. 2d 687, 690 (E.D. Mich. 2003) (holding that the defendant was a skip tracer and did not constitute a debt collector under the FDCPA because "[t]heir principle purpose is not to collect

Circuit has spoken on neither that issue nor on whether a repossession middleman can be a debt collector under the FDCPA.[3]

Nevertheless, the court is confident the Fifth Circuit would likely find, on this record, that MVTrac is a debt collector. Its actions surpass what can be classified as merely "skip tracing." More than just a data collector or information provider, MVTrac is a middleman that directly profits from the successful repossession of property. It advertises itself as a "[f]ull service recovery operation connecting lenders and repossession agents to facilitate quicker and more compliant recoveries." Dkt. 34 at 5.[4]

Polk has met his pleading burden in "stat[ing] a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Polk has plausibly alleged:

---

debts, nor do they regularly collect or attempt to collect debts owed due to them or others."); *Campbell v. Triad Fin. Corp.*, No. 5:07-CV-579, 2007 WL 2973598, at *2, *11 (N.D. Ohio Oct. 9, 2007) (finding a defendant skip tracer who "receive[d] a commission for successfully locating vehicles, or otherwise closing the accounts" was not considered a debt collector under the FDCPA) ("Locating a car for repossession is not 'effecting . . . [the] consumer transaction.'").

[3] Though the Fifth Circuit has not chimed in, some courts have held that a middleman is a debt collector under the FDCPA. *See Clark v. PAR, Inc.*, No. CV-15-02322, 2015 WL 13781846, at *3 (C.D. Cal. July 22, 2015) (holding that the defendant's self-identification as "repossession 'forwarder,' . . . one step removed from the actual repossession" was neither persuasive nor determinative in dismissing the FDCPA claim against it); *Buzzell v. Citizens Auto. Fin., Inc.*, 802 F. Supp. 2d 1014, 1021 (D. Minn. 2011) (finding that the FDCPA applied to the "'middle man' between the creditor and the repossession company").

[4] Available at MVTRAC, https://mvtrac.com/ (last visited May 28, 2022).

(1) that he was the object of collection activity arising from a consumer debt; (2) the FDCPA applies to MVTrac; and (3) MVTrac engaged in an act or omission prohibited by the FDCPA. Polk's FDCPA claim survives MVTrac's motion to dismiss.

\*   \*   \*

For the reasons stated above, MVTrac's motion to dismiss is granted in part and denied in part. Dkt. 31. The court dismisses with prejudice Polk's conversion claim. The FDCPA claim survives.

Signed on Galveston Island this 31st day of May, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE